# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 1, 2013

## IN RE JESSE J. C., ET AL.[1]

**Appeal from the Juvenile Court for Hickman County**
**No. 12JV332     Samuel H. Smith, Judge**

---

**No. M2013-01153-COA-R3-PT - Filed November 27, 2013**

---

Father appeals the trial court's holding that termination of his parental rights to two children was in the best interest of the children. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M. S., P. J., and, FRANK G. CLEMENT, JR., J., joined.

Gary W. Wicks, Sr., Franklin, Tennessee, for the appellant, Jesse J. C., Sr.

Robert E. Cooper, Jr., Attorney General and Reporter and Mary Byrd Ferrara, Assistant Attorney General; for the appellee, State of Tennessee, Department of Children's Services.

## OPINION

### I. HISTORY OF THE CASE

This termination of parental rights proceeding arises out of a dependent and neglect action initiated on December 28, 2010 against Jennie R. C. and Jesse J. C., Sr., by the Department of Children's Services ("DCS"). Following investigation of a referral alleging filthy conditions and drug use in the home, DCS sought temporary legal custody of Jesse J. C., Jr., born August 16, 2007, and Myla G. C., born July 21, 2008. The Juvenile Court issued an order on January 6, 2011, placing Jesse and Myla in the temporary protective custody of DCS and appointing a Guardian ad Litem. On April 19, 2011, DCS filed a proceeding to have a third child, Ashton K. C., born April 15, 2011, declared dependent and neglected and

---

[1] This Court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

placed in DCS custody.[2]  On February 13, 2013, the court entered an order finding the children to be dependent and neglected and ordering that they remain in DCS custody pending a dispositional hearing.[3]

The petition seeking to terminate the parental rights of Jesse J. C., Sr., and Wesley T. was instituted by DCS on August 27, 2012, alleging abandonment by failure to support and substantial non-compliance with permanency plans on the part of Jesse. J. C., Sr., and abandonment by failure to support and failure to establish paternity on the part of Wesley T.; the petition was amended as to Jesse J. C., Sr., on January 21, 2013, to add the ground of abandonment by incarcerated parent.  Trial was held on March 22, 2013, and the court issued its order on April 16, 2013, terminating the parental rights of Jesse J. C., Sr. to Myla G. C. and Ashton K. C. on the grounds of failure to support, non-compliance with permanency plans, and abandonment by incarcerated parent; the court also determined that termination was in the best interest of the children.[4]

Jesse J. C., Sr., appeals the finding that termination of his parental rights would be in the best interest of the children.

## II. STANDARD OF REVIEW

A parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996).  Thus, the state may interfere with parental rights only if there is a compelling state interest. *Nash-Putnam*, 921 S.W.2d at 174–75 (citing *Santosky v. Kramer,* 455 U.S. 745 (1982)).  Our termination statues identify "those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought." *In re W.B.*, M2004-00999-COA-R3-PT, 2005 WL 1021618, at *7 (Tenn. Ct. App. Apr. 29, 2005) (citing Tenn. Code Ann. § 36-1-113(g)).  A party seeking to terminate the parental rights of a biological parent must prove at least one of the statutory grounds for termination.  Tenn. Code Ann. § 36-1-113(c)(1); *In re D.L.B.*, 118 S.W.3d 360, 366-67 (Tenn. 2003); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).  Secondly, the party must prove that termination of the

---

[2]  The petition regarding Ashton alleges that, at the time he was born, Jennie R. C. was incarcerated on a charge of reckless endangerment due to drug use during her pregnancy.  Although there is no order in the record, DCS represents in its brief on appeal that Ashton was placed in DCS custody at birth.

[3]  Pertinent to the issue involved in the instant proceeding, the order also determined that Wesley T. was the father of Jesse J. C., Jr., and that Jesse J. C., Sr. was the father of Myla and Ashton.

[4]  The record reflects that Mother voluntarily surrendered her parental rights to the three children on June 13, 2012, and Wesley T. surrendered his parental rights to Jesse J. C., Jr., on November 14, 2012.

parental rights of the biological parent is in the child's best interest. Tenn. Code Ann. § 36-1-113(c)(2).

Because of the fundamental nature of the parent's rights and the grave consequences of the termination of those rights, courts must require a higher standard of proof in deciding termination cases. *Santosky*, 455 U.S. at 766–69 (1982); *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Thus, both the grounds for termination and the best interest inquiry must be established by clear and convincing evidence. Tenn. Code Ann. § 36-3-113(c); *In re Valentine*, 79 S.W.3d at 546. In light of the heightened standard of proof in these cases, a reviewing court must adapt the customary standard of review set forth by Tenn. R. App. P. 13(d). *In re M.J.B.*, 140 S.W.3d 643, 654 (Tenn. Ct. App. 2004). As to the court's findings of fact, our review is *de novo* with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). *Id.* We must then determine whether the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Id.*

## III. DISCUSSION

Our legislature has set forth a list of factors at Tenn. Code Ann. § 36-1-113(i) for the courts to follow in termination of parental rights cases when determining the child's best interest.[5] The list of factors is not exhaustive, and the statute does not require each factor

---

[5] The factors at Tenn. Code Ann. § 36-1-113(i) are:

(1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;
(2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;
(3) Whether the parent or guardian has maintained regular visitation or other contact with the child;
(4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;
(5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;
(6) Whether the parent or guardian, or other person residing with the parent or guardian, has shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;
(7) Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol or controlled substances or controlled substance analogues as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;
(8) Whether the parent's or guardian's mental and/or emotional status would be detrimental

be present before a court can find that termination is in a child's best interest. *See In re S.L.A.*, 223 S.W.3d 295, 301 (Tenn. Ct. App. 2006) (citing *Tenn. Dep't of Children's Servs. v. T.S.W.*, No. M2001-01735-COA-R3-CV, 2002 WL 970434, at *3 (Tenn. Ct. App. May 10, 2002); *In re I.C.G.*, No. E2006-00746-COA-R3-PT, 2006 WL 3077510, at *4 (Tenn. Ct. App. Oct. 31, 2006)).

In its order finding that termination of Jesse J. C., Sr.'s parental rights was in the children's best interest, the court made specific findings of fact relative to factors (1), (2), (3), (4), (5), (7), (8), (9). With respect to the evidence, the court noted that "In my thirty one years on the bench, this Court has never heard such compelling proof." We have reviewed the record and it clearly and convincingly supports the court's factual findings.

The evidence also clearly and convincingly supports the court's determination that termination of parental rights was in the children's best interest. Specifically, the foster parents and Ms. Michelle Delk, the DCS case worker, testified that Myla and Ashton had serious medical conditions when they were brought into custody which had been ignored by their father but that, through the foster parents, their extensive medical care needs were being met; that Myla and Ashton had been in the same foster home for two years and it was the only home Ashton knew; that the children had a very strong bond with the foster parents and had "gone from being terrified at times to . . . [being] happy . . .they have security there"; and that Jesse J. C., Sr. had not maintained a meaningful relationship with the children and that if the children were removed from the home "it would be devastating" for the children to be removed "from a stable, loving home."

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court terminating Jesse J. C., Sr.'s parental rights is affirmed.

_____
RICHARD H. DINKINS, JUDGE

to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or

(9) Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

4